## MELLEN *v.* WALLACH.

APPEAL FROM THE SUPREME COURT OF THE DISTRICT OF COLUMBIA.

Argued April 24, 1884.—Decided November 3, 1884.

Under a deed of trust to secure M., covering land in the District of Columbia, owned by B. and W., as tenants in common, the land was sold to B., in 1873. The amount secured by the deed was $5,000 of principal and $2,429.02 interest, expenses and taxes. The sale was for enough to pay all this and leave a sum due to W. for her share of the surplus. The terms of sale were not carried out, but M. advanced to B. $3,200 more (out of which the $2,429.02 was paid), and took a deed of trust for $8,200, which was recorded as a first lien. A deed of trust to secure the amount going to W. was recorded as a second lien, but was never accepted by W. Litigation afterwards ensued, to which M and B. and W. were parties, and in which a sale of the land was ordered and made in 1880, and M. bought it, for a sum not sufficient to pay the $7,429.02, with interest, and the subsequent

taxes on the land. W. claimed priority out of the purchase money for her share of the surplus on the sale of 1873, and M. claimed the right to set off against the purchase money enough of her claim for the $7,429.02, and interest, and the subsequent taxes, to absorb it: *Held*, that the parties had abandoned the sale of 1873, and that the sale of 1880 must be regarded as a sale to enforce the original deed of trust to secure M., and that W. had no right to any of the proceeds of the sale of 1880.

The facts which make the case are stated in the opinion of the court.

*Mr. Sidney T. Thomas* (*Mr. L. G. Hine* was with him), for appellant.

*Mr. Luther H. Pike* and *Mr. Jessup Miller* for appellee.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

Mrs. Susan L. Wallach, the wife of Charles L. Wallach, and Mrs. Catharine Burche, the wife of Raymond W. Burche, sisters, and owners, as tenants in common, of land and buildings on the northwest corner of 6th street west and D street north, in the city of Washington, joined with their husbands, on January 15th, 1872, in the execution to Joseph C. G. Kennedy, of a deed of trust of that property to secure the payment to Mrs. Rebecca R. Mellen, of a joint and several promissory note for $5,000, made by the grantors, payable at the end of five years from that date, with interest, at the rate of 10 per cent. per annum, payable in quarterly instalments. The deed provided that the trustee might, on default, sell the property, at public sale, to the highest bidder, on such terms and conditions as he might deem most for the interest of all parties concerned in the sale, first giving at least ten days' notice of the time, place and terms of sale, by published advertisement. The deed provided that the proceeds of the sale, after paying its expenses, and other expenses of the trust, and a commission to the trustee, should be used to pay the debt, interest, costs and expenses, whether due and unpaid, or unpaid though not due, and the surplus to the grantors. There was also a provision that the expense of insurance, as well as of any taxes the payment whereof might become necessary, should thereupon be-

come a debt due and owing by the grantors, the payment of which should be secured by the deed.

There being default in the payment of interest, the trustee published a notice that he would sell the property at public auction, on December 8th, 1873, on the following terms: $5,000, with interest thereon at the rate of 10 per cent. per annum, from January 15th, 1873, " together with the expenses of sale, in cash, and the balance at one and two years, for which the purchaser is to give his notes, bearing interest at the rate of eight per cent. per annum, and secured by deed of trust on the property sold." The property was sold for $16,-509.66. The purchaser was Mrs. Burche. The charges against the purchase money were stated by the trustee to be $7,692.45, made up of $5,093.74 for note and interest, and $2,598.71 for taxes, trustee's fee, auctioneer's commission and advertising. This left a net balance of $8,817.21, of which one-half, or $4,408.60, was stated to belong to Mrs. Wallach, and to be the sum to be secured for her benefit under the deed of trust to be given on the property sold, according to published terms of sale. Mr. Kennedy, as trustee, and Mrs. Mellen, on December 15th, 1873, made a deed to Mrs. Burche, conveying the property to her. This deed was acknowledged by the trustee on December 24th, 1873. On that day Mrs. Burche executed to Mrs. Mellen a deed of trust of the same property, to secure the payment of a promissory note bearing that date, made by Mrs. Burche, for $8,200, payable to the order of Mrs. Elizabeth Hain, five years after date, with interest at the rate of 10 per cent. per annum, payable quarterly. This deed was acknowledged and recorded on that day, so as to make it a first lien on the property. On the same day Mrs. Burche executed two promissory notes, payable to the order of Mr. Kennedy, each for $2,204.30, payable one in one year and the other in two years after date, with interest at the rate of 8 per cent. per annum, and, to secure them, executed to Anthony Hyde and Albert F. Fox a deed of trust on the same property. This deed was acknowledged December 31st, 1873, and recorded January 7th, 1874. Of course it was only a second lien on the property. Mrs. Mellen, Mrs. Burche and the trustee intended

that these notes to Mr. Kennedy and this second deed of trust should be the provision for the $4,408.60 for Mrs. Wallach.

What was done came about in this way : Mrs. Mellen made an arrangement with Mrs. Burche to let the $5,000 of principal stand, and to lend her $3,200 more, if she would secure the $8,200 by a first lien on the property. Mrs. Hain was the mother of Mrs. Mellen, and lent to her $1,000 of the $3,200. Mrs. Mellen furnished the rest, and had the note made to Mrs. Hain, and herself made trustee. Subsequently the notes were transferred to her. With some of the $3,200, the interest, taxes, expenses, &c., beyond the $5,000, were paid, and the remainder Mrs. Burche retained. Mrs. Wallach never accepted the two notes given to Mr. Kennedy, or the deed of trust securing them, and did not record that deed, or procure or authorize it to be recorded.

In September, 1873, there being a dispute between Mrs. Wallach and Mrs. Burche, as to the application of the rents of the property, which, under an agreement between them, Mrs. Wallach had been receiving for several years, and as to other matters concerning the property, they agreed, in writing, to submit the matter to three referees, who made an award November 8th, 1873. On January 29th, 1874, Mrs. Burche brought a suit in equity, in the Supreme Court of the District of Columbia, against Mrs. Wallach and Mr. Kennedy, praying for an accounting between herself and her sister respecting their interests in the property, and respecting the rents received and taxes paid and repairs made by Mrs. Wallach, and respecting the moneys Mrs. Burche had paid or secured on the property for taxes and expenses of the trustee's sale and interest on the debt to Mrs. Mellen, and respecting charges on the property at the time of the sale, and that the amount which should be found to be due to Mrs. Burche be deducted from the $4,408.60 going to Mrs. Wallach, and that Mrs. Wallach convey her interest in the property to Mrs. Burche in fee simple, and that Mr. Kennedy and Mrs. Wallach be enjoined from parting with the two notes or their proceeds till a final decree.

On December 1st, 1874, Mrs. Wallach filed an answer to Mrs. Burche's bill and also a cross-bill against Mr. Kennedy,

Mr. and Mrs. Burche, Mrs. Hain and Mrs. Mellen. In this bill she attacked the validity of the sale under the deed of trust, for various reasons, and prayed for an accounting between herself and Mrs. Burche, and for the setting aside of the award, and of the sale under the deed of trust, and for the cancelling of the deed from Mr. Kennedy to Mrs. Burche, and for a sale of the property. This cross-bill was not prosecuted, but on the 16th of January, 1875, Mrs. Wallach filed an original bill in the same court against the same defendants as in the cross-bill, and containing in substance the same allegations and praying the same relief, and, in addition, the cancelling of the trust deed from Mrs. Burche to Mrs. Mellen, and of that from Mrs. Burche to Hyde and Fox. This bill contains the averment that Mrs. Wallach never admitted that the sale to Mrs. Burche was a valid one, and that she had never received, or sought to receive, any benefit therefrom, or to claim anything thereunder, and that, shortly after the sale was made, she gave notice to Mr. Kennedy that she denied that the sale was valid.

Mr. and Mrs. Burche answered this bill. So did Mrs. Mellen. The two suits were brought to a hearing together, on proofs, before the court at special term, and on the 27th of June, 1877, a decree was made, entitled in both suits, adjudging the sale of December 8th, 1873, to have been a valid sale; and that Mrs. Burche and Mrs. Wallach agreed with Mrs. Mellen that the sale should be made, and that, if either of them should purchase at the sale, Mrs. Mellen should lend to the purchaser so much money as should be found necessary to pay off the liens on the property and the arrears of interest, with costs and expenses of sale, and add the same to the original debt of $5,000, and take a new deed of trust for the aggregate amount of those two sums, which deed was to be the first mortgage on the property. The decree referred the suit brought by Mrs. Burche to an auditor to state accounts between Mrs. Burche and Mrs. Wallach. A decree was made dismissing the bill filed by Mrs. Wallach. She appealed from both decrees to the court in general term, which, by a decree made June 5th, 1878, consolidated the two suits, reversed the decree in the suit brought by Mrs.

Wallach, modified the decree in the other suit, and directed the court in special term to enter a decree in the consolidated suits, confirming the sale by Mr. Kennedy, and referring it to an auditor to take various accounts between the parties. On the 5th of May, 1879, he reported eight accounts. Mrs. Mellen excepted to the report, and the auditor was directed to state a further account. He did so on October 30th, 1879. On the 3d of January, 1880, the court in special term made a decree in the consolidated suit, adjudging that the sum of $5,000 due to Mrs. Mellen, and the further sum of $2,429.02, afterwards advanced by her for the payment of interest in arrear, taxes and other encumbrances, constituted the only lien upon the estates of Mrs. Burche and Mrs. Wallach in the property on the day of sale, December 8th, 1873; that the further sum of $970.98 was due Mrs. Mellen from Mrs. Burche, and chargeable on her share in the property; that the sum of $3,975.49 became due on December 8th, 1873, to Mrs. Wallach, with interest, at the rate of 8 per cent. per annum, for her share of the net proceeds of the sale of the property on that day; and that the property be sold by trustees. An ineffectual attempt by them to sell at auction was made January 26th, 1880, $11,000 being bid, and the property being then withdrawn. On June 9th, 1880, they sold it, at auction, to Mrs. Mellen, for $9,900. On exceptions by Mrs. Wallach, the court, on November 8th, 1880, set aside the sale, and ordered another. It was made, at auction, on November 19th, 1880, to Mrs. Mellen, for $9,900. On December 29th, 1880, the court in special term made a decree confirming the sale, and allowing Mrs. Mellen to discount out of the purchase money her claim of $7,429,02, fixed by the decree of January 3d, 1880, with interest on $7,105.41 thereof from December 8th, 1873, and the taxes and assessments which had accrued against the property since that date. A statement agreed to between Mrs. Mellen and Mrs. Wallach showed that the net proceeds of sale were insufficient to pay the claims so allowed to Mrs. Mellen, by the sum of $3,580.81. Mrs. Wallach appealed to the court in general term, and on the 9th of July, 1881, it made a decree (1 Mackey, 236), which adjudged that the arrangement made between Mrs. Burche and Mrs.

Mellen to encumber the property for $8,200 was without the knowledge of Mrs. Wallach, and was never approved or ratified by her; that at the time of the execution of the trust deed for $8,200, Mrs. Wallach was entitled to have out of the property $3,975.49, with interest at the rate of 8 per cent. per annum from December 8th, 1873; that the rights of Mrs. Wallach had not been waived by her, and could not be affected by any arrangement between Mrs. Burche and Mrs. Mellen; that the decree of the court in special term, made December 29th, 1880, be reversed; that Mrs. Mellen comply with the terms of sale on her purchase within thirty days, or the property be resold at her risk and cost; that the proceeds of the property be applied in the first place to pay to Mrs. Wallach the $3,975.49, with interest thereon at the rate of 8 per cent. per annum from December 8th, 1873, and the residue be paid to Mrs. Mellen; and that Mrs. Mellen pay the costs of the suits. From this decree Mrs. Mellen has taken the present appeal.

The only question for consideration is, whether Mrs. Mellen or Mrs. Wallach is entitled to priority of payment out of the net proceeds of the sale of the property under the decree of January 3d, 1880. If Mrs. Mellen is entitled to priority, there is nothing for Mrs. Wallach; and she will have lost her interest in the property and her share of the net proceeds of its sale by Mr. Kennedy. Mr. Kennedy was authorized, by the deed of trust, to sell upon such terms and conditions as he might deem most for the interest of all parties concerned in the sale. He exercised his best judgment in prescribing the terms he did, which were $5,000, with interest at the rate 10 per cent. per annum from January 15th, 1873, and the expenses of the sale, in cash, and the balance at one and two years, with interest at 8 per cent. per annum, secured by deed of trust on the property sold. Although Mrs. Wallach attacked the validity of the sale by her suit, and prayed for the cancelling of the deed from Mr. Kennedy to Mrs. Burche, and of the trust deed from Mrs. Burche to Mrs. Mellen, the court, in special term, by its decree of June 27th, 1877, adjudged the sale to be valid, and, although Mrs. Wallach appealed, the court in general term confirmed the sale. If that sale had been carried

out according to its terms, Mrs. Mellen would have received in cash her $5,000 of principal, and what was due to her beyond that would have been secured in notes at one and two years, with a deed of trust, and the surplus going to Mrs. Wallach would have been secured by the same deed of trust. But in such event, Mrs. Mellen would have been entitled to receive first the whole amount going to her before Mrs. Wallach could receive anything, because Mrs. Wallach's claim was only to the surplus. But the sale by Mr. Kennedy was not carried out according to its terms. The court in general term, by its decree of June 5th, 1878, confirmed the sale, and provided for taking accounts, although it reversed the decree which had dismissed Mrs. Wallach's bill, and evidently contemplated then that the sale might be carried out, for the decree says, that inasmuch as the settlement for such sale, made by Mrs. Mellen and Mrs. Burche, was complained of, and it was alleged that the account on which the sale was settled was made up without the knowledge of Mrs. Wallach, and Mrs. Wallach alleged that a much larger amount had been charged to her than ought to have been, therefore, in order to settle the equities of the parties interested in the sale, between Mrs. Mellen and Mrs. Wallach and Mrs. Burche, and between Mrs. Mellen and Mrs. Burche, and between Mrs. Wallach and Mrs. Burche, growing out of the sale and otherwise, the reference is made. The reference embraced an ascertainment of the liens on the property at the date of its sale, and what share of them was chargeable to Mrs. Wallach, and what sum, if any, due from her to Mrs. Burche ought to be set off against Mrs. Wallach's interest in the proceeds of Mr. Kennedy's sale, and what were the expenses of such sale. The same decree reserved all the equities between the parties touching the matters in controversy until the report should be made and confirmed.

The $8,200 deed of trust was given by Mrs. Burche to Mrs. Mellen, and the parties got into litigation. As a result of that, the court in special term decreed, on January 3d, 1880, that the sum of $5,000 due to Mrs. Mellen, and the $2,429.02 which she had advanced to pay interest in arrear, taxes and other encumbrances, were liens on the property on the day of Mr.

Kennedy's sale. But the decree went on to direct a sale of the property and of all the interest and estate therein of all the parties to the suit, by trustees whom it appointed. The decree directed the trustees to bring into court the money and notes which they should receive, to be distributed under the further order of the court. This decree was not appealed from, but the sale took place under it. That sale was confirmed by the court in special term, by its decree of December 29th, 1880. Mrs. Mellen acquiesced in that decree by not appealing from it. On Mrs. Wallach's appeal from it, the court in general term decreed that the trustees who made the sale should require Mrs. Mellen to comply specifically with the terms of her purchase. Mrs. Wallach did not appeal from that, and so she acquiesced in it; and Mrs. Mellen, on her appeal to this court assigns for error only the action of the general term in giving to Mrs. Wallach priority of payment. Mrs. Burche, being a party to both suits, and not appealing, is bound by the decrees. In view of all this, it must be held that all parties have by their action abandoned the sale by Mr. Kennedy, and acquiesced in the subsequent sale to Mrs. Mellen. It follows from this that all claim of Mrs. Wallach to any surplus from the sale by Mr. Kennedy is gone. Mrs. Mellen, instead of exacting on the sale in cash her $5,000, was willing to leave it to be still a first lien on the property. Her priority of lien, as established by the decree of January 3d, 1880, which was not appealed from, extended to the sum of $2,429.02, beyond the $5,000, as money which she had paid to discharge interest, costs, expenses and taxes which were made a lien on the property by the trust deed to Mr. Kennedy. That amount was, with the $5,000 embraced in the $8,200, covered by the deed of trust made by Mrs. Burche. But, to the extent of $7,429.02, with the interest awarded by the decree of December 29th, 1880, Mrs. Mellen's claim stands and has never been satisfied. It is a first lien under the trust-deed to Mr. Kennedy, which remains to be enforced for the benefit of Mrs. Mellen, the sale under that deed being, as shown, out of the way, by assent of all parties. Mrs. Mellen has never waived that claim and lien. She asserted them by taking the trust

deed from Mrs. Burche, to which we see no valid objection, so far, at least, as the amount for which she had a lien at the date of Mr. Kennedy's sale is concerned, and which is the amount allowed her by the court in special term as a lien. She has asserted the same claim and lien constantly ever since. She did not abandon them by assenting to the re-sale provided for by the decree of January 3d, 1880. In fact that decree, so far as the $7,429.02 adjudged by it to be due to Mrs. Mellen and to have been a lien on the property on the day of Mr. Kennedy's sale, and so far as Mrs. Mellen's claim to that extent is concerned, may properly be regarded as ordering a re-sale to enforce Mrs. Mellen's rights under the deed of trust to Mr. Kennedy. Such is its effect. *Astor* v. *Miller*, 2 Paige, 68; *Olcott* v. *Bynum*, 17 Wall. 63; *Mackey* v. *Langley*, 92 U. S. 142, 155.

> *The decree of the court in general term, made July 9th, 1881, is reversed, and the cause is remanded to that court, with direction to affirm, with costs, the decree of the court in special term made December 29th, 1880, and to take or direct such further proceedings as may be in conformity with law and not inconsistent with this opinion.*