UNITED STATES v. McLEOD et al. (two cases).

SAME v. CARSON et al.

(Circuit Court, D. Oregon.  November 28, 1909.)

Nos. 2,773–2,775.

PUBLIC LANDS (§ 120*)—SUIT BY UNITED STATES FOR CANCELLATION OF PATENTS—PATENTS TO FICTITIOUS GRANTEES.

    Patents to lands issued by the Land Department to fictitious grantees on forged and fraudulent homestead applications and proofs convey no title, and the United States is entitled to their cancellation, even as against a purchaser in good faith, for value, and without notice, who acquired apparent title through forged conveyances.

    [Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 332–335; Dec. Dig. § 120.*]

In Equity.  Suits by the United States against G. B. McLeod and James E. Warwick, against G. B. McLeod and William H. Watkins, and against Samuel L. Carson and G. B. McLeod.  The cases were consolidated for trial.  Decree for complainant in each case.

John McCourt, Dist. Atty., for the United States.
C. W. & G. C. Fulton, for defendant McLeod.

BEAN, District Judge.  These are three suits to cancel patents of the United States for lands in Lane county, Or., dated in 1901, and purporting to have been issued to persons by the names of James E. Warwick, William H. Watkins, and Samuel L. Carson, upon proof of settlement and cultivation under the homestead law.  They present substantially the same facts and were tried together.

It is clearly shown by the testimony that there were no such persons

as Warwick, Watkins, or Carson, and that there was no settlement, residence, or cultivation by any person on any of the land described in the patents referred to. The homestead papers upon which the patents were issued were all fraudulently prepared by Miss Marie L. Ware, United States commissioner, at the request, and by the suggestion, and with the assistance of S. A. D. Puter, Horace G. McKinley, and others. The method of procedure was as follows: The names Warwick and Watkins were signed to applications, affidavits, and final proof papers in blank by Puter, and the name Carson signed to like papers by Laurence Hickey, Puter's brother-in-law. The homestead applications, affidavits of claimants, and other necessary papers were thereafter filled out by Miss Ware, and, after attaching her jurat thereto, she forwarded the same, together with notices of intention to make final proof before her, giving the names of fictitious witnesses, to the United States land office at Roseburg, accompanied by the necessary fees, which were furnished by Puter and his associates. The papers being regular and fair upon their face, the land office thereupon directed that notice of intention to make final proof be given, as required by law, and at the time specified therein the final proof papers were filled out by Miss Ware and the other parties in the names of the fictitious applicants and witnesses, and, after being certified to by her, were forwarded to the land office, and in due time patents issued thereon in the names of the fictitious applicants.

At the time the fraudulent homestead papers were signed, the names of Warwick and Watkins were signed by Puter to deeds in blank, and the name of Carson signed to a similar instrument by Hickey. After the final certificates had been issued, these deeds were filled out with a description of the property, and the name of Emma L. Watson inserted as grantee. The deeds all purported to have been executed before Puter as a notary public. The property was subsequently conveyed by Mrs. Watson to Woodford, who in turn conveyed it to the defendant McLeod, who, it is admitted by the government, was a purchaser in good faith, for value, and without notice of the fraud.

The only question for decision is whether, under the facts stated, the title to the land ever passed from the government. If it did, the defendant should prevail, under the decision in Colorado Coal & Iron Co. v. United States, 123 U. S. 307, 8 Sup. Ct. 131, 31 L. Ed. 182. But, if the title did not pass, the plaintiff is entitled to a decree, within the rule laid down in Moffat v. United States, 112 U. S. 24, 5 Sup. Ct. 10, 28 L. Ed. 623.

I am unable to distinguish this case upon its facts from the Moffat Case. In this and in the Moffat Case the homestead papers upon which the patent issued were wholly fraudulent. No real persons actually appeared before the United States commissioner as settlers or witnesses, either under their true or assumed names. The applicants and witnesses were pure myths, and the fictitious names were adopted by Miss Ware, Puter, McKinley, and their associates to accomplish their fraudulent purpose. The patents issued in the names of such fictitious persons were, as stated by Mr. Justice Field in the Moffat Case, "no

more than a declaration that the government thereby conveys the property to no one," and no title could be secured under a conveyance in the name of such grantees.

The contention that Puter and Hickey were the real homestead applicants, under the assumed names of Warwick, Watkins, and Carson, finds no substantial support in the testimony. Neither of these parties ever attempted or assumed to make application for the land as settlers thereon. They were simply engaged in the scheme of manufacturing false and spurious homestead papers and proofs, using the names Warwick, Watkins, and Carson as a convenient method of accomplishing their unlawful purpose, but with no intention themselves of assuming the attitude of applicants under the homestead laws.

A decree will therefore be entered in favor of the plaintiff.