UNITED STATES v. McCLURE et al.

(Circuit Court, D. Oregon. November 28, 1909.)

PUBLIC LANDS (§ 49*)—SUIT BY UNITED STATES TO CANCEL PATENT—JURISDICTION.

 The tender to the Land Department by the holder of the record title to land within a forest reservation of a quitclaim deed to such land, to be exchanged for outside land under Act June 4, 1897, c. 2, 30 Stat. 36 (U. S. Comp. St. 1901, p. 1541), does not vest title thereto in the United States until the deed is accepted and the exchange approved, nor does such tender deprive a court of jurisdiction of a suit by the United States to cancel the patent to such land for fraud; the Land Department having no power to determine such question.

 [Ed. Note.—For other cases, see Public Lands, Dec. Dig. § 49.*

 Jurisdiction of federal courts in suits under public land laws, see note to Bailey v. Mosher, 11 C. C. A. 314.]

In Equity. Suit by the United States against Helen A. McClure, Charles W. McClure, John J. Rupp, trustee under the will of Williams C. McClure, deceased, Jethro G. Mitchell, Leory Brooks, Robert B. Montague, and Horace G. McKinley. Decree for complainant.

John McCourt, U. S. Dist. Atty.
Platt & Platt, for defendants.

BEAN, District Judge. This is a suit to set aside a patent to land in the Cascade Forest Reservation, on the ground that it was issued to a fictitious person upon false and fraudulent homestead papers, prepared in the office of the county clerk of Linn county, by Robert Montague, deputy clerk, and Horace G. McKinley. The bill alleges that, after the issuance of the patent, Montague made or caused to be made a deed in the name of the fictitious patentee to one Otterson, who was also a fictitious person, and afterwards executed a pretended deed in the name of Otterson, purporting to convey the land to one Garland; that Garland subsequently made a deed of relinquishment to the government, and caused the same to be recorded, and, based thereon, ap-

plied to select, in lieu of the land described in the patent, other vacant public lands in Polk county, but that the deed has not been accepted or the lieu selection approved by the Land Department; that thereafter the defendants became the owners by proper mesne conveyances of Garland's interest in the selected lands and the lands offered in exchange therefor.

The bill states facts which, if true, entitle the complainant to the relief sought (Moffat v. U. S., 112 U. S. 24, 5 Sup. Ct. 10, 28 L. Ed. 623, and United States v. McLeod, 174 Fed. 508, just decided), unless Garland's deed of relinquishment precludes the government from maintaining this suit. It is claimed that when Garland made and recorded his deed, and tendered it to the Land Department in exchange for other lands, the title vested in the government, and that the validity of such title and the right to make a lieu selection is to be determined by the Land Department, and not by the courts. I do not so understand the effect of the transaction, or the jurisdiction of the Land Department. It is provided by Act June 4, 1897, c. 2, § 1, 30 Stat. 36 (U. S. Comp. St. 1901, p. 1541):

"That in cases in which a tract covered by an unperfected bona fide claim or by a patent is included within the limits of a public forest reservation, the settler or owner thereof may, if he desires to do so, relinquish the tract to the government, and may select in lieu thereof a tract of vacant land open to settlement, not exceeding in area the tract covered by his claim or patent."

No method of procedure for effecting the exchange is provided by law. The general administration of the forestry reservation acts, however, and the adjudication of the various questions arising therein, are vested in the Land Department. It has the power and authority to adopt, and has adopted, rules and regulations governing the procedure in relinquishing lands within a reservation, and the selection of other lands in lieu thereof, of which the courts will take judicial knowledge. Cosmos v. Gray Eagle, 190 U. S. 301, 23 Sup. Ct. 692, 47 L. Ed. 1064.

By the rules and regulations as so formulated, one desiring to relinquish lands and select other lands in lieu thereof, where final certificate or patent has issued, is required to make a quitclaim deed to the United States for the land offered in exchange, have it recorded in the proper county, and file the same, accompanied by an abstract of title, duly authenticated, showing a chain of title from the government back to the United States, to the property offered, in the local land office, and at the same time designate the particular tract which he desires in lieu of that relinquished. 30 Land Dec. Dep. Int. p. 180, rule 16; William S. Tevis, 29 Land Dec. Dep. Int. p. 575.

But the title does not pass to the land offered in exchange until the deed is accepted. The mere execution and recording of a deed and the tender thereof vests no title in the government. Until the deed and title are examined and approved, it is a mere assertion by the applicant of his title and right to make the selection. Cosmos v. Gray Eagle, supra; C. W. Clarke, 32 Land Dec. Dep. Int. 233; W. E. Moses Land Scrip & Realty Co., 34 Land Dec. Dep. Int. 460. But the equitable,

if not the legal, title remains in him. The deed and tender thereof amounts to nothing more than an offer by the owner to exchange one tract of land for another, and the title does not pass to either party until the exchange is effected. Until the deed is accepted, the owner of the land offered in exchange retains title thereto, either legal or equitable, and the Land Department has no authority to determine the validity of the title offered, if it is defective, or there is some adverse claim thereto. H. H. Goetjen, 32 Land Dec. Dep. Int. 209. All it can do in such a case is to refuse to accept the deed and make the exchange. Its jurisdiction over the matter, so far as the title is concerned, ends when it ascertains that there is a defect or irregularity therein. Its duty is to then reject the deed, leaving the controverted question of title to be determined in some appropriate proceeding in a tribunal having jurisdiction thereof. This rule is not affected, or the jurisdiction of the Land Department extended, by the fact that the alleged defect in the title is connected with the issuance of the original patent by the government. The Land Department has no authority to revoke or cancel a patent. After a patent for public lands is once issued and delivered to and accepted by the grantee, all control of the executive departments over the title ceases. The patent can be set aside or vacated only in a bill in chancery brought by the United States in some court having jurisdiction. Moore v. Robbins, 96 U. S. 530, 24 L. Ed. 848.

I conclude, therefore, that the Garland deed of relinquishment did not vest the title in the government, or confer upon the Land Department authority to determine the question whether the patent for such land was procured by fraud, and the demurrer should be overruled.